**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRIAN GUERINGER** *Plaintiff* | * | **CIVIL ACTION NO.: 2:26-cv-00674** |
| **VERSUS** | * | **JUDGE DARREL J. PAPILLION** |
| **HARVEY VOLUNTEER FIRE COMPANY NO. 2** *Defendant* | * | **MAGISTRATE EVA J. DOSSIER** |

* * * * * * * * * * * * * * * * * * * *

**HARVEY VFD'S PARTIAL REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Harvey Volunteer Fire Company No. 2 respectfully submits this Reply Memorandum in further support of its *Partial Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)*. Gueringer's Opposition overlooks a critical corollary to the Rule 12(b)(6) standard: that the Court "do[es] not presume true...legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement." *Verastique v. City of Dallas, Texas*, 106 F.4th 427, 431 (5th Cir.) (quoting *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023)). Fatally, Gueringer's Opposition relies almost exclusively on these statements. When the "naked assertions" are stripped away, Gueringer plainly fails to state a plausible claim on any of the contested counts.[1] Accordingly, the Court should dismiss Gueringer's claims, with prejudice and without further leave to amend.

## I. Gueringer's Rehabilitation Act Claim (Count 4) Remains Fatally Deficient.

Gueringer thinly contends that Rule 8 permits him to allege disability as the "sole" cause of his termination while simultaneously alleging multiple non-disability motivations. This

[1] Gueringer's Opposition concedes dismissal of Counts 5, 8, 17, and 18. Therefore, this Reply addresses only Counts 4, 6, 7, 9, 10, 11, 12, 13, 14, 15, and 16.

argument cannot salvage a facially implausible sole-causation allegation. The Rehabilitation Act's "solely by reason of" standard is uniquely stringent. *Hickson v. St. David's Healthcare P'ship, L.P., L.L.P.*, 168 F.4th 282, 289 (5th Cir. 2026) ("the plaintiff must establish that disability discrimination was the sole reason for the exclusion or denial of benefits"). The statute's use of "solely" affords no discretion, particularly here, considering Gueringer's 290 paragraphs' worth of non-disability motivations for his termination: ERISA benefit interference (¶ 285), whistleblower retaliation (¶ 218), Firefighter Bill of Rights retaliation (¶ 173), and intentional infliction of emotional distress (¶ 237). These are not hypothetical placeholders "pled in the alternative," as Gueringer purports. The volume and specificity of these non-disability motivations fatally undermine the plausibility that disability was the sole cause of Gueringer's termination.

## II. Gueringer's Firefighter Bill of Rights Claims (Counts 6 and 7) Remain Subject to Dismissal.

### a. Gueringer was not "under investigation" or subject to "interrogation" with a view to discipline.

Gueringer's Opposition attempts to recase routine administrative communications as an "investigation." Yet, the Amended Complaint's own allegations describe: (1) a phone call about his medical condition and return-to-work status;[2] (2) a routine request regarding a workers' compensation form;[3] and (3) a paycheck hold due to "ethics training and paperwork."[4] None of these activities involve inquiry into "misconduct, allegations of misconduct, or policy violation," the operative statutory prerequisite. *See* La. R.S. § 33:2181(A)(2). Indeed, the procedures set forth in the Firefighters Bill of Rights are reserved for discipline concerning serious misconduct, not garden-variety personnel operations. *See e.g. Farrelly*, 284 So. 3d at 684 (fire employee arrested on charges of theft and assault following road rage incident). *See also, e.g., Craft v. Benton Fire*

[2] R. Doc. 8 at ¶ 34.
[3] R. Doc. 8 at ¶¶ 45–53.
[4] R. Doc. 8 at ¶ 57.

*Dist. #4*, 52,578 (La. App. 2 Cir. 4/10/19), 268 So. 3d 384, *writ denied*, 2019-00708 (La. 9/6/19), 278 So. 3d 364 (fire employee intentionally disengaged GPS system in department's rescue track to use same for secret rendezvous with romantic partner); *Ouachita Par. Police* Jury, 72 So. 3d 987 (fire employee misappropriated department funds for personal use over course of several years); *Hyde v. New Orleans Fire Dep't*, 2025-0114 (La. App. 4 Cir. 8/28/25), 417 So. 3d 1283 (fire employee engaged in physical altercation with colleague at fire station); *Alexander v. City of Alexandria*, 2014-452 (La. App. 3 Cir. 11/5/14), 150 So. 3d 590, *writ denied*, 2014-2563 (La. 2/27/15), 159 So. 3d 1071 (fire employee lied to delay random drug screening and thereafter returned diluted test sample). By contrast to the caselaw, *supra*, Gueringer plainly fails to plead that his wage withholding, termination, and return-to-work inquiries were predicated on any underlying misconduct warranting discipline. His argument to the contrary is mere legal conclusion. The non-conclusory facts (a phone call about medical status, a request to revise a form, and an administrative paycheck hold) do not plausibly support an inference of disciplinary investigation. As the court recognized in *Bergeron v. City of Kenner*, 51 So. 3d 143, 147, "not all inquiries by an employer rise to the level of investigation or interrogation."

**b. Gueringer did not exercise a protected right under La. R.S. § 33:2185**

La. R.S. § 33:2185 protects only the exercise of rights "under this Subpart:" Subpart H of La. R.S. § 33:2181 *et seq*. With no investigation triggering Subpart H's protections, Gueringer could not have exercised any protected right thereunder. Gueringer's Opposition conflates Subpart B (365 Leave, La. R.S. § 33:1995) with Subpart H. Neither the statute, nor Louisiana's principles of statutory construction writ large, permit this conflation.

## III. Gueringer's Louisiana Wage Payment Act Claim (Count 9) Should Be Dismissed Because His Opposition Concedes the Original Factual Basis.

The Opposition effectively abandons the only specific factual allegation underlying Gueringer's LWPA claim: the February 2025 paycheck, which Gueringer concedes he received before termination. Rather than defend his original allegation, Gueringer pivots to a boilerplate allegation that "upon termination, Defendant failed to timely pay amounts owed, including wages, accrued leave, vacation, benefits, and/or other compensation."[5] This "recitation of the elements" does not identify any specific wages, amounts, or categories purportedly unpaid at his termination. Gueringer makes no attempt whatsoever to plead what was owed, how much was owed, or when payment was due. Because he cannot do so. This is precisely the type of "naked assertion devoid of further factual enhancement" that fails to state a claim. *Iqbal*, 556 U.S. at 678.

## IV. Gueringer's Section 1983 Claims (Counts 10 and 11) Should Be Dismissed Because He Holds No Protected Property Interest and Harvey VFD Is Not a State Actor.

### a. Gueringer fails to allege a protected property interest.

It is well settled that Louisiana employment is presumed to be at-will unless a plaintiff alleges sufficient facts to establish otherwise. *Ballinger v. Bd. of Supervisors*, 406 So. 3d 622, 627 (La. App. 1 Cir. 2025). Gueringer alone bears the burden of pleading facts plausibly establishing a property interest in continued employment. He has not done so.

The Opposition's reliance on *Maurer v. Independence Town*, 870 F.3d 380 (5th Cir. 2017), is misplaced. *Maurer* arose at summary judgment after discovery produced the actual fire-district agreement, and the Fifth Circuit found factual disputes within that agreement. At the pleading stage, by contrast, Gueringer must allege facts plausibly establishing his property interest, not merely speculating that a contract that may be produced may contain provisions favorable to his

[5] R. Doc. 8 at ¶ 190.

claims. Gueringer plainly and unequivocally has not alleged that he was classified under civil service, nor that any specific contractual provision created a property interest. He has not pled so, because he cannot do so in good faith. Nor can Gueringer contend that the Firefighter Bill of Rights independently creates a property interest in continued employment, because, as a matter of law, it does not. *See Blakemore v. Town of Grambling*, 289 So. 3d 681, 688 (La. App. 2 Cir. 2020).

**b. Harvey VFD is not a state actor**

Louisiana law expressly permits private entities to provide fire protection services. *See* La. R.S. § 33:2101. The plain letter of the law forecloses the possibility of fire protection service as an exclusive state prerogative. *See Blankenship v. Buenger*, 653 F. App'x 30, 339 (5th Cir. 2016); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974). Controlling precedent, cited *supra*, establishes that a private entity does <u>not</u> become a state actor merely by way of contracting to perform a public service. Moreover, Gueringer's flimsy allegations of "coordination" between fire district and parish actors are pled only "upon information and belief," and wholly lack factual support. [6] Gueringer does not identify which public actor allegedly participated, what was allegedly communicated, or how the coordination allegedly occurred. Conclusory allegations of "coordination" simply do not suffice. Notably, Gueringer's reliance on *Pearson v. Shriners Hospitals*, 133 F.4th 433 (5th Cir. 2025) actually supports Harvey VFD. In *Pearson*, the Fifth Circuit held complaint failed because it did not plausibly allege that state officials participated in the decision at issue. *Id.* at 444. The same deficiency is present here.[7]

---

[6] R. Doc. 8 at ¶¶ 205–210.

[7] Gueringer's Section 1983 conspiracy/joint action claim (Count 11) fails on the same grounds. A conspiracy claim requires both an underlying constitutional deprivation and state action. Because Gueringer has alleged neither, Count 11 necessarily fails with Count 10.

**V. Gueringer's Louisiana Whistleblower Act Claim (Count 12) Should Be Dismissed Because He Fails to Allege a Violation of Law or Notice.**

The Opposition points to paragraph 218 of the Amended Complaint, which generically alleges Gueringer "advised Defendant that its conduct violated Louisiana law."[8] This is another conclusory, formulaic allegation, entirely lacking plausible factual support. It does not describe when the advisement occurred, to whom it was directed, in what form it was communicated, or what specific violation was identified. By contrast, the LWA requires the employee to "first advise the employer of the violation of law." *Lightell v. Walker*, 527 F. Supp. 3d 866, 893 (E.D. La. 2021). It further requires an "actual violation" of state law. *Crowe v. Se. Cmty. Health Sys.*, No. 13-6580, 2014 WL 1456352 (E.D. La. 2014). Gueringer attempts to bootstrap his unavailing FBOR and LWPA violations as anchors for his LWA claim; yet, those claims themselves are fatally deficient. Consequently, without an actual violation, Gueringer's LWA claim inherently fails – irrespective of his conspicuously absent provision of notice to Harvey VFD requirement.

**V. Gueringer's Louisiana Public Records Act Claim (Count 13) Should Be Dismissed Because the Records Exceed the Scope of Harvey VFD's Obligation.**

Gueringer relies on *New Orleans Bulldog Society v. Louisiana SPCA*, 222 So. 3d 679 (La. 2017), for the proposition that a private entity performing governmental functions under contract may be subject to public records obligations. But *Louisiana SPCA* is readily distinguishable. In that case, the SPCA held a specific contract with the City of New Orleans to perform animal control functions. The requested records related directly to the contracted function, not to personnel matters. Contrast this with Gueringer, who sought records about his "employment, medical leave, termination, personnel file, disciplinary process, internal communications, board actions."[9]

---

[8] R. Doc. 8 at ¶ 218.
[9] R. Doc. 8 at ¶ 222.

Personnel files and internal communications about medical leave are employment records, not records concerning the contracted fire-protection function. In fact, even under *Louisiana SPCA*, the scope is limited to documents "specifically related to the contracted governmental duties." *Id.* at 688. Gueringer's personnel records and HR matters are not fire-protection service records.

**VI. Gueringer's Tort Claims (Counts 14, 15, and 16) Should Be Dismissed.**

**a. IIED: No extreme and outrageous conduct.**

The standard for intentional infliction of emotional distress is uniquely demanding. The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991). Further, *Nicholas v. Allstate Ins. Co.*, 765 So. 2d 1017, 1026, requires a "pattern of deliberate, repeated harassment over a sustained period" to impute IIED liability for employment related claims. The conduct alleged here (one phone call regarding leave, one request to revise an LWC form, one temporary paycheck hold, and at-will termination) are quintessential employment disputes. These daily stressors fail to scratch the surface of of the "extreme and outrageous" conduct. Gueringer instead asks the Court forego his explicit pleading burden in favor a discovery-phase fishing expedition to develop this plainly insufficient claim.

**b. NIED: Barred by workers' compensation exclusivity.**

Every alleged act of negligence arises from Harvey VFD's role as Gueringer's employer, thereby precluding liability under the LWCA. Gueringer's cited authority, *O'Regan v. Preferred Enterprises*, 758 So. 2d 124 (La. 2000), does not overcome the well-established rule that NIED claims arising from the employment relationship are barred. In *O'Regan*, the Court held that LWCA exclusivity could not foreclose recovery for a plaintiff alleging negligence based upon his

contracting of a "presumed occupational" disease. *Id.* This is plainly beyond the scope Gueringer's NIED allegations here; that is, termination and alleged temporary wage withholding.

**c. Civil conspiracy: No standalone cause of action.**

Regardless of whether Gueringer characterizes his claim under Louisiana Civil Code article 2324 or as a "civil conspiracy," the theory is derivative. *Ross v. Conoco, Inc.*, 828 So. 2d 546, 552 (La. 2002). In fact, Gueringer's own The Opposition concedes as much. Thus, since Gueringer's IIED and NIED claims must be dismissed, so too must his civil conspiracy claim.

**VIII. Amendment Would be Futile.**

The Fifth Circuit permits dismissal with prejudice where amendment would be futile. Here, Gueringer has unwittingly demonstrated the futility of amendment. Indeed, Gueringer has already amended once, producing a 44-page, 290-paragraph long Amended Complaint on the heels of his equally unwieldy original.[10] The deficiencies identified herein are substantially similar to those set forth in Harvey VFD's first partial motion to dismiss, and are not curable through further amendment. Indeed, many of Gueringer's claims carry fundamental legal defects. Others are premised solely on legal conclusions, devoid of any semblance of factual support. Gueringer may not use serial amendments until his claims pass Rule 12(b)(6) muster. Accordingly, each of the challenged counts should be dismissed, with prejudice, and without leave to amend.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

---

[10] R. Doc. 8; R. Doc. 1.

Respectfully submitted,

**ADAMS & REESE LLP**

*/s/ Paige Franckiewicz*
**William K. Wright IV, T.A. (#36736)**
**Matthew C. Guy (#31182)**
**Paige H. Franckiewicz (#40778)**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 585-0402
Facsimile: (504) 566-0210
billy.wright@arlaw.com
matthew.guy@arlaw.com
paige.franckiewicz@arlaw.com

***Counsel for Defendant,***
***Harvey Volunteer Fire Company No. 2***